UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>FELIPE ROSALES HERRERA,<br><br>                                    Defendant. | Case No.:  23cr871-CAB<br><br>**ORDER ON MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 [DOC. NO. 175]** |

Before the Court is the motion of defendant Felipe Rosales Herrera to vacate his sentence pursuant to 28 U.S.C. § 2255, based on his assertion of ineffective assistance of counsel. [Doc. No. 175.]  Government filed a response. [Doc. No. 180.]

**I.      Background**

On May 3, 2023, the defendant was indicted on a charge of conspiracy to transport aliens in violation of 8 U.S.C. §§ 1324. [Doc. No. 1.]   At his initial appearance on May 15, 2023, he was appointed counsel. [Doc. 8.]  At a hearing on January 26, 2024, the Court entered his request for substitution of counsel from his appointed attorney to his retained counsel Joseph P. Smith.  [Doc. Nos. 76, 77.]

On July 5, 2024, defendant signed his written plea admitting the charge of conspiracy to transport aliens. [Doc. No. 108.] Within the factual basis of his written plea, defendant acknowledged he was a leader and organizer of the conspiracy, and that he

23cr871-CAB

employed guides to cross undocumented individuals and drivers to transport them within the United States.  He admitted that over time the conspiracy involved the transportation of over 100 aliens.  He further admitted that this alien transportation conspiracy involved intentional or reckless substantial risk of death or serious bodily injury to others, included high speed chases and crashes, and at least one incident resulted in the death of an alien and serious injury to two others.

The written agreement included the elements of the offense charged, the penalties that attached to his plea, the 10-year maximum statutory term of imprisonment and that the Court had the authority to impose a sentence up to that statutory maximum. He acknowledged that his sentence would be set by the Court and any estimate or recommendation by defense counsel as to his ultimate sentence was not binding on the Court.  His plea provided for a joint recommendation with the government of guideline sentencing enhancements based on the estimated number of aliens transported during the conspiracy, the substantial risk of harm to which the aliens were exposed, a death resulting from the actions of a co-conspirator and defendant's admission he was a leader/organizer.

In his written plea, the defendant confirmed he had a full opportunity to discuss all the facts and circumstances of the case with his attorney and that he had a clear understanding of the charges and consequences of his plea.  He certified he understood the terms of the plea, had discussed it with his counsel and acknowledged he was satisfied with the counsel's representation.

Defendant entered his plea on July 11, 2024, under oath before a United States Magistrate Judge [Doc. No. 106] at which time the judge went over his written plea with him in detail.  [Transcript of the Change of Plea Hrg, Doc. No. 180-1.]  He confirmed he understood that by entering a guilty plea he was waiving his right to proceed to trial and various other Constitutional rights to which he was entitled. The magistrate judge reviewed the elements of the offense, the maximum statutory penalties the sentencing judge could impose, and defendant again acknowledged he understood the terms and conditions of his plea.  Upon review of each fact set forth in his plea agreement establishing the factual basis

23cr871-CAB

for his guilt, he admitted all the facts were true.  Finally, he confirmed to the magistrate judge he had reviewed his plea agreement and discussed it with his attorney and was satisfied with his counsel's representation of him. [*Id.*, at 1-15.]

At sentencing the defendant's base offense level was 12. [Doc. Nos. 108, 124.]  In accordance with the defendant's admissions and the terms of his plea, the defendant received multiple upward adjustments for the number of aliens involved in the conspiracy (over 100) pursuant to USSG § 2L1.1(b)(2), the substantial risk to which the aliens were subjected and a death that occurred in one of the smuggling attempts pursuant to USSG § 2L1.1(b)(6) and (7), and for his aggravated role in the conspiracy pursuant to USSG § 3B1.1.  He received a 3-point downward adjustment for acceptance of responsibility.  [Doc. No. 108, at 4-5, 9.] His resulting total offense level was calculated to be 34. [*Id.* at 9; Doc. No. 124.]

His criminal history score was 0, placing him in Category I.[1] [Doc. No. 124.]  His guideline range was 151 to 188 months, prior to any departures or variances.  The offense however had a statutory maximum penalty of 120 months. [Doc. Nos. 108, 124.]

After considering the 3553(a) factors, including the recommended 2-point variance of his appellate waiver, Court sentenced the defendant on October 11, 2024 to the statutory maximum of 120 months. [Doc. No. 127.]

Defendant in his written plea agreement expressly waived his right to appeal every aspect of the conviction and his sentence, except based on ineffective assistance of counsel. [Doc. No. 108 at 12.]  On September 23, 2025, defendant timely filed the motion before

---

[1] In February 2025, the defendant moved for a reduction of sentence based on the guideline amendment for zero-point offenders. [Doc. No. 140.]  Defendant did not qualify for the retroactive guideline amendment for zero-point offenders.  Although he was a zero-point offender at the time of sentencing he was subject to an aggravated role adjustment and the conspiracy resulted in a death, therefore he did not meet the criteria for the zero-point offender adjustment. *See* USSG § 4C1.1(a)(4) and (10). His motion was denied. [Doc. No. 143.]

23cr871-CAB

the Court to vacate his sentence on the assertion he received ineffective assistance of counsel.

## II.    Legal Standard

To establish ineffective assistance of counsel, the defendant is required to show both that his counsel's performance was deficient and that, but for counsel's errors, there is a reasonable probability the result would have been different, such that the result of the proceedings is unreliable or fundamentally unfair. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*.

A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice, that is advice that was not "within the range of competence demanded of attorneys in criminal cases." *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980), citing *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970). If the defendant fails to establish either component – deficient performance or prejudice – the court must dismiss the claim. *United States v. Sanchez Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002).

## III.    Discussion

Defendant identifies seven grounds in his petition in support of his argument his counsel's performance was deficient. [Doc. No. 175, 175-1.]

### A. Grounds One to Six

Although listed separately, defendant's Grounds One through Six generally contend that defendant's counsel Joseph Smith did not adequately communicate and consult with the defendant, forcing him to enter a plea. Defendant contends that counsel failed to obtain evidence and explain the government's evidence to him. Counsel did not involve him in plea negotiations, failed to explain the elements of the offense charged and potential

23cr871-CAB

defenses, or inform the defendant of his rights and options.[2]   Defendant summarily concludes had he had knowledge of the evidence, understood the elements of the offense charged, the consequences of a guilty plea and his trial rights he could have sought a more favorable plea or proceeded to trial.

In its response, the government provides the declaration of defense counsel and his records of his interactions with the defendant.  [Doc. No. 180-3, 180-4.]  The records directly contradict defendant's broad conclusory allegations that counsel did not confer with him regarding the evidence and the basis of government's case against him.  Attorney Smith provided records of multiple meetings each of an hour or more with the defendant, notes from those meetings, logs from the detention facility confirming counsel could bring his laptop into the facility to review evidence with the defendant, and meetings with counsel's investigator.  [*Id.*, Exs. A, B, E.]

The facts the government would have offered at trial to establish the defendant's guilt are detailed in the plea agreement.   [Doc. No. 108 at 3-5.] The defendant acknowledged he discussed the asserted factual basis with his attorney, and the listed facts were true and undisputed.  Attorney Smith provided the annotated plea agreement with Spanish translations he reviewed with the defendant stating the terms of the plea and the government's factual account of the defendant's conduct.  [Doc. No. 180-4 at 4-10.]  The defendant has not identified any specific acts or omissions regarding the discovery or review of the evidence in the case to demonstrate that counsel did not provide reasonably competent advice.

As to the defendant's assertion he was not informed of the elements of the offense charged, the consequences of a guilty plea, or his alternatives to entering a guilty plea, the

---

[2] Defendant also contends counsel "did not argue for any benefit of any new rules or laws."  He does not identify a specific "new rule or law" that he believes might have been applicable to his case.  Defendant did file for a sentencing reduction under the amended guidelines, but he was not eligible. *See* fn. 1, *supra.* A decision by counsel not to seek a zero-point offender adjustment in this case in accordance with the guidelines does not constitute ineffective assistance of counsel.

23cr871-CAB

record belies this assertion.  The written plea agreement which the defendant initialed and signed provides the elements, the factual basis, the consequences of a guilty plea, and the defendant's constitutional rights including his right to proceed to a jury trial if he chose not to enter a guilty plea.  [Doc. No. 108.]  When he entered his plea before the magistrate judge, the judge reviewed each of those aspects with the defendant confirming his understanding of the terms and conditions, his rights and the potential consequences. Moreover, the defendant in his written plea and orally before the magistrate judge represented he was satisfied with the representation he received from his attorney.[3] [Doc No. 180-1.]

Defendant has not met his burden to prove his counsel's performance was deficient and that, but for counsel's errors (which are not identified with specificity), there is a reasonable probability the result would have been different, such that the result of the proceedings is unreliable or fundamentally unfair. *Strickland*, 466 U.S. at 687. His motion to vacate his sentence on the asserted Grounds One to Six is DENIED.

### B. Ground Seven

Defendant's asserted Ground Seven is that he requested Attorney Smith to file a notice of appeal following his sentencing and counsel failed to do so.  [Doc. No. 175-1 at 9, 175-2 at 3.]  Attorney Smith contends in his affidavit that defendant had been advised he waived his right to appeal and at no time before, during or after sentencing did the defendant request he file a notice of appeal. [Doc. No. 180-2 at 1.]

Unlike Grounds One to Six asserted by defendant, failure to file a notice of appeal when requested to do so carries a presumption of ineffectiveness and prejudice. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). Regardless of whether it is

---

[3] Government also points out the defendant concurrently retained attorney Smith to represent him in other criminal charges. [Doc. No. 180 at 4; Doc. No. 180-3 at 3.]  This would contradict defendant's assertion that counsel neglected his professional responsibilities in this case such that his performance was ineffective.

23cr871-CAB

contrary to the plea agreement and potentially harmful to the client, it is ineffective assistance of counsel to refuse to file a notice of appeal when the client requests it.  *Id.*

In the instant case, defendant alleges he requested counsel file a notice of appeal and counsel asserts no such request was made.  Counsel's records however suggest that an appeal may have been discussed, as reflected in a client meeting note dated October 15, 2024, four days after the sentencing hearing, that references an action item "Appeal time frame?" [Doc. No. 180-4 at 34.]

The Court may hold an evidentiary hearing to decide whether defendant's allegation is true and if so vacate and reenter the judgment allowing the appeal to proceed. Alternatively, if the government does not object, the Court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, without deciding that the defendant's claim is true.  *Sandoval-Lopez*, 409 F.3d at 1198.

In its response the government joined defendant's request for an evidentiary hearing on this issue.   The Court is however inclined to proceed without a hearing, reenter the judgment and allow defendant the opportunity to appeal.

Before scheduling a hearing, the Court requests the government file by March 16, 2026, a notice of whether it would not be opposed reentry of the judgment without a hearing.

**IT IS SO ORDERED.**

Dated:  March 11, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

23cr871-CAB