UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FELIPE ROSALES HERRERA (1),<br><br>Defendant. | Case No.:  23cr871-CAB<br><br>**SUPPLEMENTAL ORDER ON MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 [DOC. NO. 175]** |

Before the Court is the motion of defendant Felipe Rosales Herrera to vacate his sentence pursuant to 28 U.S.C. § 2255, based on his assertion of ineffective assistance of counsel. [Doc. No. 175.]  Government filed a response. [Doc. No. 180.]  On March 11, 2026, the Court issued an order denying defendant's motion on his first six asserted grounds.  The Court however requested further briefing from the government on the defendant's seventh asserted ground, failure of his counsel to file a requested notice of appeal.  [Doc. No. 183.]

Defendant filed a late reply brief on March 13, 2026, after the Court issued its order. [Doc. No. 184.]  Having reviewed the defendant's submission, the Court finds no basis to reconsider or change its order, denying the claim of ineffective assistance of counsel on defendant's asserted grounds one through six.

23cr871-CAB

The government filed its response to the Court's request for further briefing on the seventh ground on March 16, 2026.  [Doc. No. 185.]

Defendant asserted that he requested Attorney Smith to file a notice of appeal following his sentencing and counsel failed to do so.  [Doc. No. 175-1 at 9, 175-2 at 3.] Attorney Smith contended in his affidavit that he advised defendant he waived his right to appeal and that at no time before, during or after sentencing did the defendant request he file a notice of appeal. [Doc. No. 180-2 at 1.]

Failure to file a notice of appeal when requested to do so carries a presumption of ineffectiveness and prejudice.  *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). Regardless of whether it is contrary to the plea agreement and potentially harmful to the client, it is ineffective assistance of counsel to refuse to file a notice of appeal when the client requests it.  *Id.*

In the instant case, defendant alleges he requested counsel file a notice of appeal and counsel asserts no such request was made.  Counsel's records however suggest that an appeal may have been discussed, as reflected in a client meeting note dated October 15, 2024, four days after the sentencing hearing, that references an action item "Appeal time frame?" [Doc. No. 180-4 at 34.]

In this situation, the Court may order an evidentiary hearing to determine if defendant's claim that he requested counsel notice an appeal is true.  Alternatively, if the government does not object, the Court can vacate and reenter the judgment without a hearing, and allow an appeal to proceed, without deciding the defendant's claim. *Sandoval-Lopez*, 409 F.3d at 1198.

The government has now filed its notice of non-opposition to the Court vacating and reentering the judgment in this case to allow the defendant to notice an appeal, without deciding whether the defendant made a request for counsel to file an appeal, and without an evidentiary hearing. [Doc. No. l85.]

23cr871-CAB

Therefore, the Court hereby vacates the defendant's sentence and reenters the judgment in this case, thereby allowing the defendant to notice an appeal if he elects to do so.

**IT IS SO ORDERED.**

Dated:  March 18, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge

23cr871-CAB